[Civ. No. 6145. First Appellate District, Division Two.—April 18, 1928.]

CHARLES T. POWNER CO. (a Corporation), Appellant,
v. OLIN W. SMITH, Respondent.

Dryer, Castle & Hartke for Appellant.

Hewitt, Ford & Crump and Pierce Works for Respondent.

KOFORD, P. J.—Plaintiff, who is appellant here, is the owner of a bookstore in Los Angeles. Defendant, who is respondent here, was the employee and manager of said bookstore working for wages paid weekly. His work of running the store kept him in the store from opening to closing time with the exception of an hour off for lunch. Appellant brought this action for damages and accounting, charging that the respondent, in violation of his duties and obligations as an employee, engaged in buying and selling books on his own account in competition with and to the neglect and damage of the business and profits of appellant.

The judgment was in general favorable to respondent. It allowed appellant $88, which represented respondent's profit on the sale of four new Penal Codes and one second-hand set of Encyclopedia Britannica, which were bought and sold by respondent under circumstances which meant that he had used his employer's time and facilities in these deals. Respondent had also made a profit of about $851 in working as sales manager for a book concern which through field salesmen sold new editions of California codes. The court refused to allow this amount to the appellant, finding that respondent engaged in his work outside of the hours which belonged to the appellant and that the business was of a nature that did not compete with the employer's business nor conflict with respondent's duty to his employer.

There seems to be no dispute between counsel with respect to any proposition of law applicable to the facts in this case. They both acknowledge that it was respondent's duty to faithfully serve his employer during his working hours and not to engage in a competing business even outside of his working hours. The appeal represents only an attack upon the findings.

To the small extent that respondent was shown to have used the time and facilities of appellant in effecting sales on his own account, he was required by the judgment to

account for all profits. The evidence also supports the court's finding that the sale of new law codes through field salesmen was not in competition with the business of appellant's store. The store dealt only in second-hand editions and never in new codes. The law book concern which put out the codes which respondent and his salesmen sold, was unwilling to sell through a bookstore, but insisted upon a policy of direct solicitation of customers. These facts, together with other evidence printed from the record by respondent, sustain the trial court's findings. The evidence and arguments printed by appellant present at most only a conflict in the evidence.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.